UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHANIE ROSA,

        Plaintiff,

v.                                      Case No:  6:17-cv-1111-Orl-40DCI

PETERSENDEAN ROOFING AND
SOLAR SYSTEMS,

        Defendant.
_____

REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE (Doc. 28)** |
| **FILED:** | **January 19, 2018** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

I.     **BACKGROUND**.

Plaintiff filed this action against Defendant alleging that she performed overtime work for Defendant, but Defendant failed to pay her time-and-a-half for all of the overtime hours she worked. Doc. 2 at ¶¶ 7-15. Thus, Plaintiff asserted the following claims against Defendant: Count I – unpaid overtime wages in violation of Florida Statute § 448.01; and Count II – unpaid overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207. *Id*. at 3-6.

The parties were unable to settlement the case during the settlement conference required by the FLSA Scheduling Order (Doc. 18), and, thus, the Court entered a Case Management Scheduling Order (Doc. 21), which permitted the parties to engage in full discovery. The parties eventually reached a settlement, and executed a settlement agreement (Agreement), in which they agreed that Plaintiff will receive $2,200.00 in unpaid overtime wages, an equal amount in liquidated damages, $300.00 for a general release in Defendant's favor, $150.00 for a non-disparagement provision in Defendant's favor, $150.00 for a confidentiality provision in Defendant's favor, and $3,000.00 in attorney fees and costs. Doc. 28-1 at 3-4.

The parties filed a Joint Motion for Approval of FLSA Settlement and Order of Dismissal with Prejudice (Motion), as well as the executed Agreement. Docs. 28; 28-1. The parties argue that the Agreement constitutes a fair and reasonable resolution of Plaintiff's FLSA claim, and request that the Court grant the Motion and dismiss the case with prejudice. Doc. 28 at 8.

## II. LAW.

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

See *Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. See *Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. See *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. See *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. See 11th Cir. R. 36-2.

### III.   ANALYSIS.

#### A. The Settlement.

This case involves disputed issues about whether Plaintiff performed overtime work for which she was not paid overtime wages.  *See* Docs. 2; 3; 28.  Thus, this case involves disputed issues of liability under the FLSA, which constitutes a bona fide dispute.

Plaintiff initially claimed that she was owed a total of $14,317.50 in unpaid overtime wages, and an equal amount of liquidated damages.  Doc. 12 at 4.  The parties exchanged information related to Plaintiff's time and pay records, which demonstrated that Plaintiff would be entitled to no more than $9,045.00 in unpaid wages, and an equal amount of liquidated damages, if she were successful on all aspects of her claim.  Doc. 28 at ¶ 5.  The parties engaged in settlement negotiations, and agreed to settle the case to avoid the "uncertainty, time, and expense of further litigation."  *Id*. at ¶ 6.

The parties were represented by counsel throughout the case.  *Id*. at 5.  The parties agreed to settle the case after having adequate time to exchange and review the relevant evidence, consider the issues, and consider their likelihood of success.  *Id*. at 5-6.  This review and consideration ultimately lead Plaintiff to compromise her claim, and the parties to settle the case to avoid the uncertainty, time, and expense of further litigation.  *Id*.  Specifically, Plaintiff agrees to receive a total of $2,200.00 in unpaid overtime wages, and an equal amount of liquidated damages.  Doc. 28-1 at 3-4.  The undersigned finds that this is a fair and reasonable compromise of Plaintiff's FLSA claim given the issues in the case, and the parties' desire to avoid the risks and costs of further litigation.  Accordingly, it is **RECOMMENDED** that the Court find the settlement is a fair and reasonable resolution of Plaintiffs' respective FLSA claims.

**B. General Release, Non-Disparagement, and Confidentiality Provisions.**

The Agreement contains a general release, a non-disparagement, and a confidentiality provision. Doc. 28-1 at 2-3, 5-6. These provisions are generally disfavored by courts, as they are generally seen as affecting the fairness and reasonableness of an FLSA settlement. *See, e.g.*, *Menjiva v. E & L Const. Serv., LLC*, Case No. 6:15-cv-2057-Orl-31KRS, 2015 WL 3485991, at *3 (M.D. Fla. June 2, 2015) (citing authority). Courts, however, have generally found such provisions permissible where plaintiff is provided separate consideration for such provisions. *See, e.g.*, *Roman v. FSC Clearwater, LLC*, Case No. 6:16-cv-969-Orl-41DCI, 2017 WL 1653571, at *3 (M.D. Fla. Apr. 21, 2017) (recommending approval of settlement agreement providing $100.00 as separate consideration for a general release) *report and recommendation adopted*, 2017 WL 1552304 (M.D. Fla. May 1, 2017); *Ramos v. Acute Patient Care, Inc.*, Case No. 6:16-cv-1437-Orl-40GJK, 2017 WL 1379825, at *5 (M.D. Fla. Apr. 6, 2017) (recommending approval of settlement agreement providing separate consideration for general release, non-disparagement, and confidentiality provisions) *report and recommendation adopted*, 2017 WL 1365642 (M.D. Fla. April 14, 2017); *Smith v. Aramark Corp.*, Case No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3-4 (M.D. Fla. Nov. 4, 2014) (approving settlement agreement providing separate consideration for general release, non-disparagement, and confidentiality provisions).

Here, the parties represent that the foregoing provisions "were a critical part of Defendant's decision to resolve this matter." Doc. 28 at 6. Further, Plaintiff is due to receive separate consideration for each of the foregoing provisions, totaling $600.00. Doc. 28-1 at 3-4. In light of the foregoing, the undersigned finds that the general release, non-disparagement, and confidentiality provisions do not affect the overall fairness and reasonableness of the settlement. Therefore, it is **RECOMMENDED** that the Court find the general release, non-disparagement,

and confidentiality provisions do not affect the overall fairness and reasonableness of the settlement.

### C. Attorney Fees and Costs.

Plaintiff's counsel will receive a total of $3,000.00 in attorney fees and costs for representing Plaintiff in this case. Docs. 28 at ¶ 7; 28-1 at 4. The parties represent that they "negotiated . . . attorneys' fees separately, and without regard to the amounts paid to Plaintiff as wages." Doc. 28 at ¶ 8. The settlement is reasonable to the extent previously discussed, and the foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 28) be **GRANTED**;
2. The Court find the Agreement (Doc. 28-1) to be a fair and reasonable settlement of Plaintiff's FLSA claim;
3. The case be **DISMISSED with prejudice**; and
4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R.

3-1.  **The parties may file a notice of no objection in they** have no objection to this Report and Recommendation.

  Recommended in Orlando, Florida on March 23, 2018.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy